Nostalgic Partners, LLC v. The Office of the Commissioner of Baseball

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-three.

PRESENT:
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**Nostalgic Partners, LLC, DBA The Staten Island Yankees, Oneonta Athletic Corporation, DBA The Norwich Sea Unicorns, Tri-City ValleyCats, Inc.,**

> *Plaintiffs-Appellants,*                    No. 22-2859

> v.

**The Office of the Commissioner of Baseball, an Unincorporated Association DBA Major League Baseball,**

> *Defendant-Appellee.***

_____

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR PLAINTIFFS-APPELLANTS:** GREGORY SILBERT, Weil, Gotshal & Manges LLP, New York, NY (James W. Quinn, New York, NY; David J. Lender, Eric S. Hochstadt, Zachary Schreiber, Weil, Gotshal & Manges LLP, New York, NY; Mark Pinkert, Weil, Gotshal & Manges LLP, Miami, FL, *on the brief*)

**FOR DEFENDANT-APPELLEE:** JEFFREY B. WALL, Sullivan & Cromwell LLP, Washington, DC (John L. Hardiman, Benjamin R. Walker, Jacob G. Singer, Sullivan & Cromwell LLP, New York, NY; Morgan L. Ratner, Sullivan & Cromwell LLP, Washington, DC, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants, businesses operating as the Staten Island Yankees, Norwich Sea Unicorns, and Tri-City ValleyCats, were Minor League Baseball teams affiliated with Major League Baseball ("MLB") teams. MLB reorganized the minor leagues in 2020, including by eliminating Appellants' affiliations with major-league teams. Appellants sued MLB, alleging that the reorganization constituted a "contract, combination[,] . . . or conspiracy, in restraint of trade or commerce among the several States," in violation of Section 1 of the Sherman Act. 15 U.S.C. § 1. The district court (Carter, *J.*) granted MLB's motion to dismiss, holding that "MLB's

antitrust exemption[] . . . shields MLB from [Appellants'] lawsuit." Special App'x at 2. We assume the parties' familiarity with the facts, the procedural posture, and the issues on appeal.

In 1922, the Supreme Court held that "'exhibitions' of 'base ball' d[o] not implicate the Sherman Act because they d[o] not involve interstate trade or commerce." *Nat'l Collegiate Athletic Ass'n v. Alston*, 141 S. Ct. 2141, 2159 (2021) (quoting *Fed. Baseball Club of Balt., Inc. v. Nat'l League of Pro. Baseball Clubs*, 259 U.S. 200, 208-09 (1922)). This case created "something . . . like an antitrust exemption for professional baseball," *id.*, such that "professional baseball is not subject to the antitrust laws," *Salerno v. Am. League of Pro. Baseball Clubs*, 429 F.2d 1003, 1005 (2d Cir. 1970) (Friendly, *J.*); *see also Flood v. Kuhn*, 407 U.S. 258, 282-85 (1972) (declining to overrule baseball's "exemption from the federal antitrust laws"); *Toolson v. N.Y. Yankees, Inc.*, 346 U.S. 356, 357 (1953) (same). Appellants concede that "these precedents . . . presently immunize MLB" against their claims. Appellants' Br. at 37. And we must continue to apply Supreme Court precedent unless and until it is overruled by the Supreme Court. *See Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989). We need go no further.[2]

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Although the parties agree that the baseball exemption disposes of this case, they urge us to opine on other, non-dispositive issues. We decline their invitations. *Cf. United States v. Schultz*, 333 F.3d 393, 407 & n.8 (2d Cir. 2003) (describing "[t]he dangers inherent in a court's reaching out to decide issues not essential to the outcome of the case before it").